UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MAYO CLINIC, a Minnesota
Corporation, on its own behalf and as
successor in interest to Mayo
Foundation,

   Plaintiff,

v.

UNITED STATES OF AMERICA,

   Defendant.

Case No. 16-cv-3113 (JNE/KMM)
ORDER

   This case is before the Court on Defendant's objection to a December 15, 2017 order from United States Magistrate Judge Katherine M. Menendez granting in part and denying in part Plaintiff's motion to compel discovery responses. Based on a review of the record, the Court affirms the magistrate judge's order.

## BACKGROUND

   Mayo Clinic ("Mayo") alleges that it was improperly assessed more than $11 million in federal income taxes between 2003 and 2012. Specifically, Mayo contends that it was overtaxed because the IRS did not designate it as an "educational organization," as defined in 26 U.S.C. ¶ 170(b)(1)(A)(ii) and that statute's implementing regulation, 26 C.F.R. § 1.170A-9(c)(1). Mayo filed administrative claims for a refund on these grounds, but the IRS disallowed those claims. In September 2016, Mayo filed suit, arguing that either (1) the implementing regulation is invalid and Mayo meets the requirements for an educational organization under the statute, or, (2) the regulation is valid and Mayo meets the requirements for an educational organization under the regulation.

On October 16, 2017, Mayo filed a motion to compel written discovery responses. Mayo made two general sets of requests. One sought information relating to the government's interpretation of ¶ 170(b)(1)(A)(ii) and § 1.170A-9(c)(1) in matters involving other taxpayers. The other sought information relating specifically to the IRS's consideration of Mayo's refund request. The United States objected to those requests on both relevance and proportionality grounds.

The magistrate judge granted in part and denied in part Mayo's motion. The magistrate judge found that all of the information requested was relevant, but that some of Mayo's requests needed to be narrowed. The government now objects to the portion of the magistrate judge's order requiring production of the non-privileged portions of the IRS's Technical Advice Memorandum ("TAM") File and its Chief Counsel File relating to Mayo's refund claim. It contends that the magistrate judge erred in concluding that those materials were relevant and in her proportionality assessment.

## STANDARD OF REVIEW

The standard of review applicable to an appeal of a magistrate judge's order on nondispositive pretrial matters is "extremely deferential." *Roble v. Celestica Corp.*, 627 F.Supp.2d 1008, 1014 (D. Minn. 2007). Such an order should be reversed only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); D. Minn. LR 72.2(a). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, (1985)). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v.*

*Blue Cross & Blue Shield of Minn*, 254 F.R.D. 553, 556 (D. Minn. 2008) (internal quotation marks omitted).

## DISCUSSION

The United States makes three arguments related to the magistrate judge's relevance findings. As discussed below, none of those arguments reveal a clear error in the magistrate judge's decision.

First, the government argues that IRS analyses and conclusions are irrelevant in a tax-refund suit because the trial court's role is to determine the taxpayer's liability *de novo.* Citing *Blansett v. United States*, 283 F.2d 474, 478 (8th Cir. 1960), the government contends that because the trial court can sustain the IRS's assessment on "any legal ground supporting it" – even one that the IRS did not rely upon – discovery of IRS analyses and conclusions are irrelevant. Obj. to Order at 8-9. But this misreads the Eighth Circuit's holding in *Blansett*. *Blansett* stands for the proposition that the IRS's analysis is not binding upon the trial court – i.e., that the court should determine the taxpayer's liability "anew." *Blansett* at 478. It does not say, as the United States suggests, that the IRS's conclusions are "of no significance" at all within the context of discovery. The magistrate judge's finding along these lines was neither clearly erroneous nor contrary to law.

Second, the United States argues that the magistrate judge erred in relying upon *Hermann v. United States,* 127 Fed. Cl. 22 (2016). In that case, the plaintiffs asked the court to compel the IRS to produce internal documents used in its determination of their tax liability. As it has done here, the government objected on the grounds that the documents were irrelevant because tax-refund cases are *de novo* proceedings. The court disagreed, finding instead that for the purposes

of discovery, such documents are relevant because they may help plaintiffs overcome the presumption of correctness afforded to IRS tax liability determinations. *Hermann* at 41-42.

Here, the magistrate judge found the *Hermann* decision to be persuasive on the relevance issue, in large part because it draws a distinction between discoverability and admissibility. Order at 12. The government does not identify any binding precedent that conflicts with *Hermann*, nor does it adequately explain why that case is distinguishable. Accordingly, the magistrate judge's reliance on *Hermann* was not contrary to law or clearly erroneous.

Third, the government argues that the magistrate judge erred in ruling that the internal IRS documents were relevant to Mayo's ability to challenge the presumption of correctness. An IRS determination is entitled to the presumption of correctness unless it is an arbitrary or "naked" assessment. *Day v. C.I.R.,* 975 F.2d 534, 537 (8th Cir. 1992). The United States argues that Mayo's complaint concedes that the IRS's determination was not arbitrary, and that, as a result, there is no need for discovery of evidence that could be used to overcome the presumption of correctness.

This argument fails, however, because nothing in Mayo's complaint amounts to an admission that would preclude or obviate the need for discovery. The complaint alleges, *inter alia*, that the IRS conducted an audit and that it used Form 4549 to communicate to Mayo the basis for its decision. The government takes these allegations to be an admission by Mayo that the assessment was not arbitrary. But these allegations, particularly within the broader context of the complaint, do not rise to the level of "formal concessions" that the determination was not arbitrary. *Banks v. Yokemick*, 214 F. Supp. 2d 401, 406 (S.D.N.Y. 2002). Discovery could still reveal that the assessment was arbitrary, even if Mayo's allegations are correct. Accordingly, the

magistrate judge's determination that the requested documents were relevant to Mayo's efforts to challenge the presumption of correctness was neither clearly erroneous nor contrary to law.

The United States also argues that the magistrate judge erred in overruling its proportionality objections. The government takes the position that the court should have ordered it to produce only those documents necessary to show the IRS's basis for its assessments, not those that might capture statements made after the assessments. But the government does not articulate – nor, perhaps, could it – why this constituted a clear error by the magistrate judge. To the contrary, post-assessment statements – for example, a document reassessing Mayo's status as an educational organization – could be precisely the kinds of documents that would enable Mayo to show that the IRS's initial conclusion was incorrect. Therefore, the Court therefore finds no basis for reversing the magistrate judge on this objection.

## CONCLUSION

Based on the foregoing, all the records, files, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's objection to the magistrate judge's December 15, 2017 order [ECF No. 61] is OVERRULED.

2. The magistrate judge's order [ECF No. 53] is AFFIRMED.

Dated: March 7, 2018                                  s/ Joan N. Ericksen
                                                     JOAN N. ERICKSEN
                                                     United States District Judge