# JONES DAY

90 SOUTH SEVENTH STREET • SUITE 4950 • MINNEAPOLIS, MINNESOTA  55402

TELEPHONE: +1.612.217.8800 • FACSIMILE: +1.844.345.3178

Direct Number:  (612) 217-8844
ADALEY@JONESDAY.COM

May 8, 2019

The Hon. Eric C. Tostrud  **FILED VIA ECF WITH**
United States District Court Judge  **PERMISSION**
316 N. Robert Street
St. Paul, MN 55101

Re:  *Mayo Clinic v. United States of America*,
 Court File No. 0:16-cv-03113-ECT-KMM

Dear Judge Tostrud:

The USA's Statement of Proposed Undisputed Facts (ECF Doc. 155) filed on Friday, May 3, 2019, violates the Court's Briefing Order (ECF Doc. 149) in several respects. Because Mayo must respond to the USA's Statement by May 24, 2019, Mayo seeks expedited guidance from the Court about its response.

The Briefing Order required the parties to file statements of no more than 150 paragraphs "of proposed **material** facts as to which the moving party contends there is no genuine issue and that entitle the moving party to judgment as a matter of law."  (*Id.* (emphasis added).)  The USA's Statement ignored, *inter alia*, the **materiality** requirement of the Order.  It contains 139 numbered paragraphs but the USA cites only 32 in its summary judgment brief (ECF Doc. 156).

A related issue involves  "tables" cited in the USA's Statement.  Paragraphs 131 and 132 generally reference "Table 1" and "Table 2," respectively, which "summarize[] selected information from the Form 990s . . ."  These paragraphs do not set forth the specific information that is material, and the USA's brief relies only on a subset of information from Tables 1 and 2 (ECF Doc. 156 at 12, 13, and 18).  To respond to these paragraphs requires Mayo to respond to many non-material facts.  As Mayo feared when the parties addressed the USA's prior request on word-count limits, the USA has dumped immaterial and cumulative information into its Statement.  (See ECF Doc. 146 at 2.)

Moreover, the number of paragraphs in the USA's Statement is well in excess of the 150 paragraph limit because many violate the "short" numbered paragraph and "single discrete fact" requirements.  For example, paragraph numbers 84, 108, 109, 121, and 125 are two or more pages in length (in multiple single-spaced paragraphs).  Even seemingly shorter paragraphs in the USA's Statement fail to describe a "single, discrete fact."  (ECF

JONES DAY

Hon. Eric Tostrud
Page 2

Doc. 155 at paragraphs 25, 59, 60, 62, 66, 74, 77, 78, 82, 84, 92, 108, 125, 131, 132, among many others).  The USA further compounds these problems with its use of 33 non-numbered declarative statements throughout its Statement such as "I. Mayo Clinic's representations about itself to the public."  (See, e.g., ECF Doc. 155 at 4.)  These statements would seem to require additional responses from Mayo and further cause the Statement to exceed the 150 paragraph limit.

Under the Briefing Order, Mayo "must file a concise response to the moving party's statement of facts" including a response to each paragraph with "specific citations to the record or applicable legal authorities."  (ECF Doc. 149 at 3.)  Mayo would be required to respond not only to the non-USA cited 107 numbered paragraphs (139–32 = 107) but also to many paragraphs (including the 32 cited in its summary judgment brief) which are not "short" and do not "set forth a single, discrete fact" as required by the Order.

It appears that only the paragraphs in the USA's Statement cited in its summary judgment brief are those facts on which the USA relies for its summary judgment arguments, i.e., the facts which the USA claims are "material."  Mayo proposes that it be required to respond only to the specific numbered paragraphs in the USA's Statement which were cited in the USA's summary judgment brief.  That would help resolve much of the materiality issue except for paragraphs 131 and 132, containing references to the tables, as noted above.  The single discrete fact problem also still exists for many of the 32 remaining paragraphs.  (ECF Doc. 155 at paragraphs 25, 59, 60, 62, 66, 74, 77, 78, 82, 84, 92, 108, 125, 131, and 132).  The USA should submit a corrected statement of proposed undisputed material facts that complies with the Briefing Order within 7 days.

One additional item -- the deadline for the USA to file and to serve its dispositive motions was Friday, May 3, 2019.  On May 3, the USA apparently conventionally filed 20 or 21 video and audio files, a DVD, and a 100+ page book with the Court Administrator.  Under the Court's Civil Electronic Case Filing Procedures Guide, the USA's conventionally filed materials had to "be served conventionally, with a copy of the NEF, by the filer on all parties who are entitled to service."  However, rather than serve Mayo's Minneapolis counsel (located four blocks from the Minneapolis court), it choose to send for delivery on Monday, May 6, copies of the conventionally-filed exhibits without the NEF to Mayo's counsel in Chicago.  Those exhibits were not timely served as service via mail adds three additional days under Fed. R. Civ. P. 6(d).  Mayo seeks permission to file a motion to strike the conventionally-filed exhibits from the record.

JONES DAY

Hon. Eric Tostrud
Page 3

                                        Respectfully submitted,

                                        s/ Annamarie Daley

                                        Annamarie Daley
                                        Counsel for Plaintiff Mayo Clinic

cc (via ECF filing):  Curtis Weidler, Samuel Robins and Eric Aberg, counsel for the USA