

|  |  |
|---|---|
|  | **U.S. Department of Justice** |
|  | **Tax Division** |
| *Trial Attorney: Curtis J. Weidler* <br> *Attorney's Direct Line: 202-307-1436* <br> *Fax No. 202-514-6770* <br> *Curtis.J.Weidler@usdoj.gov* | *Please reply to:*   Civil Trial Section, Central Region <br> P.O. Box 7238 <br> Washington, D.C. 20044 |

DAH:RSC:CJWeidler
DJ 5-39-6586
CMN 2016102362

August 24, 2021

*Via CM/ECF*

The Honorable Eric C. Tostrud
United States District Judge
District of Minnesota
334 Federal Building
316 N. Robert St.
St. Paul, MN 55101

        Re: *Mayo Clinic v. United States* (16-cv-3113-ECT-KMM)

Dear Judge Tostrud:

   On behalf of the United States we write to respectfully request that you permit the United States to file a new summary-judgment motion in the above-referenced case. The Eighth Circuit has now clarified the law on what Mayo Clinic must prove to establish that it is an "educational organization" under the governing statute, and that clarification is dramatic: "[T]he presence of a single non-educational purpose, if substantial in nature, will destroy [Mayo's claim to] the UBIT exemption." *Mayo Clinic v. United States*, 997 F.3d 789, 802 (8th Cir. 2021) (cleaned up). Mayo cannot meet this strict standard, and the United States requests an opportunity to show that in an opening brief that would be less than 20 pages and a reply brief of the same length. While summary-judgement briefing would demand time and energy of all parties, and of Your Honor and chambers, we submit that when briefing is completed the evidentiary hole in Mayo's case will be readily

- 2 -

apparent such that the investment will prove to have been worthwhile.

As Your Honor is aware, the key issue in this $11.5 million tax-refund suit is whether, during the years at issue, Mayo Clinic was an "educational organization" under 26 U.S.C. § 170(b)(1)(A)(ii). On May 13, 2021, the Eighth Circuit issued an opinion interpreting that term. To qualify as an educational organization, the organization "must be organized and operated exclusively for … educational purposes." *Id.* at 802. And to be "organized and operated exclusively" for those purposes means that "the presence of a single non-educational purpose, if substantial in nature, will destroy [the UBIT] exemption regardless of the number or importance of truly educational purposes." *Id.* (quoting *Better Business Bureau of Wash., D.C. v. United States*, 326 U.S. 279, 283 (1945)).

In May 2020, both the United States and Mayo Clinic cross moved for summary judgment. The motions raised numerous issues, including (a) how to interpret the term "educational organization" in 26 U.S.C. § 170(b)(1)(A)(ii), (b) whether that term was ambiguous, (c) whether Treas. Reg. § 1.170A-9(c)(1) was valid, (d) how to interpret the language of that regulation, and (e) how to apply the statute to the proposed undisputed facts, and (f) how to apply the regulation to those facts. The cross motions put Your Honor in the position of a restaurant reviewer who is presented with a voluminous menu and then must decide how much of the eight-course meal he will eat before putting pen to paper.

The situation has changed drastically. The Eighth Circuit's decision allows Your Honor to resolve this case by focusing on a single course: can Mayo Clinic establish that, in the years at issue, Mayo was organized and operated exclusively for educational purposes? Which is to say: can Mayo show that it had not even a single non-educational purpose that was

- 3 -

substantial in nature? The answer is no, and through a summary-judgment motion the United States would show Your Honor that Mayo cannot raise a factual issue to suggest otherwise.

How might that be so? Consider that during the years at issue, Mayo undisputedly had at least three substantial activities: patient care, research, and education. This fact, after the Eighth Circuit's decision, means that Mayo must prove that (1) all of its patient care activity (save an insubstantial portion of them) served its educational purpose, (2) all of its research activities (save an insubstantial portion of them) served its educational purpose, and (3) Mayo did not have a single non-educational purpose that was substantial in nature.

Mayo has already argued that its educational activities are inextricably intertwined with its patient care and research. *See* Mayo's Memorandum Supporting its Summary Judgment Motion and Responding to USA's Summary Judgment Motion (D. 184) at 27 – 31. Its argument rested entirely on what Mayo alleged as ten facts. *See id.* The relevant pages from Mayo's brief, with the factual allegations highlighted, are enclosed with this letter. Mayo also presented its inextricably-intertwined argument in its reply brief. *See* Mayo's Reply Brief (D. 206) at 1 – 3.

The United States asks for the opportunity to show the Court that the facts Mayo offers are not sufficient to raise an issue for trial. When the nonmovant has the burden at trial, a summary-judgment motion is the mechanism by which the nonmovant must either put up or shut up. *See Jakobiec v. Merrill Lynch Life Ins. Co.*, 711 F.3d 217, 226 (1st Cir. 2013). To avoid dismissal, the non-movant must point to facts—not argument, and not conclusory statements—that create an issue for trial. *See id.* Yet as the United States will show, Mayo's inextricably-intertwined argument has major gaps, and Mayo will be unable to raise a

- 4 -

genuine issue for trial. At minimum, summary-judgment briefing would allow the Court an opportunity to shorten the trial by entering an order, under Fed. R. Civ. P. 56(g), stating what material facts are not genuinely in dispute and are to be treated as established in the case.

Mayo Clinic is not an enigma-laden riddle wrapped in a mystery. Though its organizational documents, tax returns, publications, and officers, Mayo has been exceptionally transparent about what it does, what it stands for, and who it serves. Credibility should not be an issue. We respectfully request, therefore, that the Court grant the United States leave to move for summary judgment.

If the Court decides that this case should proceed directly to trial, the United States anticipates that a bench trial would take four to five days.

Respectfully,

s/ *Curtis J. Weidler*

Curtis J. Weidler
Trial Attorney

s/ *Samuel P. Robins*

Samuel P. Robins
Trial Attorney

Counsel for Defendant United States

Enc.

cc:

Mark Rotatori, counsel for Mayo Clinic (by CM/ECF)
Annamarie Daley, counsel for Mayo Clinic (by CM/ECF)