UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mayo Clinic, *a Minnesota Corporation, on its own behalf and as successor in interest to Mayo Foundation*,

    Plaintiff,

v.

United States of America,

    Defendant.

File No. 16-cv-03113 (ECT/ECW)

**OPINION AND ORDER**

---

Mark P. Rotatori, Jones Day, Chicago, IL; Erin Sindberg Porter, Annamarie A. Daley, and Joshua M. Taylor, Jones Day, Minneapolis, MN, for Plaintiff Mayo Clinic.

Curtis J. Weidler and Gregory E. Van Hoey, U.S. Department of Justice Tax Division, Washington, DC, for Defendant United States of America.

---

Plaintiff Mayo Clinic brought this case to obtain $11,501,621 in refunds of unrelated business income tax on certain investment income it received from the investment pool it manages for its subsidiaries. Following a bench trial, Mayo was awarded $11,501,621 "together with statutory interest." On January 6, 2023, Mayo moved to clarify the judgment to specify the amount of statutory interest under Federal Rule of Civil Procedure 60(a). The Government opposes the motion, arguing that Mayo's interest calculations are inadequately supported and may become incorrect due to potential future interest rate changes, credits, and offsets. Mayo's motion will be granted.

I

After opening an audit and concluding Mayo was not a qualified educational organization, the Government assessed Mayo for tax liability on unrelated business income. *See* ECF No. 338-1. Mayo timely paid the tax liability plus interest, *id*. at 26–36, and filed refund claims with the IRS. *Id*. at 15, 18. Mayo's refund claims break down as follows:

| Taxable Year | Refund Requested |
|---|---|
| 2003 | $31,365 |
| 2005 | $837,111 |
| 2006 | $9,390,781 |
| 2007 | $439,193 |
| 2010 | $51,395 |
| 2011 | $597,235 |
| 2012 | $154,541 |

ECF No. 331 at 67. Most of the requested refund amount, $11,331,486, relates to the tax liability Mayo paid after the Government concluded Mayo was not a qualified educational organization.[1] ECF No. 338-1 at 26–36. Mayo paid this $11,331,486 to the IRS in 2014 and 2015. *Id.* The remaining amount, $170,135, relates to advanced tax payments, carrybacks, and carryovers.[2] *See id*. at 19; ECF No. 354. The IRS denied Mayo's refund claims, and Mayo brought this lawsuit. ECF No. 331 at 66.

---

[1] This $11,331,486 consists of ten payments: two payments each year for tax years 2005, 2006, 2007, 2011, and 2012. ECF No. 338-1 at 5, 7–8, 11–12.

[2] This $170,135 breaks down as follows: $31,365 for tax year 2003, ECF No. 338-1 at 3, $53,287 for tax year 2005, *id.* at 5, $32,834 for tax year 2007, *id.* at 8, $51,395 for tax year 2010, *id.* at 10, and $1,254 for tax year 2011. *Id.* at 11.

After a bench trial, judgment was entered against the Government, ordering the Government to pay Mayo $11,501,621 "together with statutory interest." ECF No. 332 at 1. On January 6, 2023, Mayo moved to clarify the statutory interest owed by the Government. ECF No. 335. Mayo submitted a declaration of James J. Janssen, Jr., the Tax Director for Mayo Clinic, to calculate statutory interest in support of their motion. ECF No. 338. The Government opposes specifying interest at this time; it submitted no statutory interest calculations. ECF No. 350. On February 24, 2023, Mayo submitted a second declaration of Janssen that corrects an overpayment date in his interest calculations. ECF No. 354.

II

Taxpayers have a statutory right to interest on their overpayments to the IRS. 26 U.S.C. § 6611(a) ("Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax."). Because Mayo prevailed on its refund claims, Mayo was awarded and is entitled to statutory interest on its $11,501,621 in overpayments. ECF No. 331 at 98.

Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Rule 60(a) "permits only a correction for the purpose of reflecting accurately a decision that the court actually made." *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997) (quotation omitted). A district court has discretion "to correct omissions in its judgment so as to reflect what was understood, intended and agreed upon by the parties and the

3

court." *United States v. Mansion House Ctr. N. Redevelopment Co.*, 855 F.2d 524, 527 (8th Cir. 1988). A motion for clarification under Rule 60(a) is appropriate when a "judgment awards interest as required by law but leaves the actual calculations for later." *Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384, 388 (6th Cir. 1998); *see also Kosnoski v. Howley*, 33 F.3d 376, 379 (4th Cir. 1994); *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 681 (10th Cir. 1989). Because statutory interest in this case was awarded as required by law, it is appropriate to clarify the judgment to specify statutory interest pursuant to Rule 60(a).

III

A

The first question is whether Mayo has adequately supported and correctly calculated statutory interest. For refunds, interest starts accruing on "the date of the overpayment." 26 U.S.C. 6611(b)(2). The overpayment date is "the date of payment of the first amount which (when added to previous payments) is in excess of the tax liability." 26 C.F.R. § 301.6611-1(b). Some of Mayo's refund claims, however, involve advanced payments, credits, and carryovers, that do not start accruing interest on the date of the payment. *See* 26 C.F.R. § 301.6611-1(d), (h). Early payments, including estimated taxes and overpayments credited to the following tax year, are deemed to be paid on the last day prescribed for filing tax returns for that tax year. 26 U.S.C. § 6513(a) ("[P]ayment of any portion of the tax made before the last day prescribed for the payment of the tax shall be considered made on such last day."); 26 C.F.R. 301.6611-1(h)(2).

The overpayment interest rate for corporations is the federal short-term rate plus two percentage points. 26 U.S.C. § 6621(a)(1). Corporate overpayments in excess of $10,000 accrue interest at the federal short-term rate plus 0.5 percentage points. *Id*. Interest on overpayments compounds daily. 26 U.S.C. § 6622(a).

Janssen calculates interest on Mayo's refund claims in his declarations. ECF No. 338; ECF No. 354. Janssen's calculations comport with statutory requirements. For interest on the $11,331,486, paid in 2014 and 2015 after Mayo filed its tax returns, Janssen's calculations begin on the date payments were made. *See* ECF No. 338-1 at 37–48. Because Mayo did not owe taxes on unrelated business income assessed by the IRS, ECF No. 331 at 98, Mayo's tax payments in 2014 and 2015 were immediately in excess of its tax liability. Janssen thus properly identifies the interest accrual date on these payments as the date Mayo paid the IRS.

The remainder of Janssen's calculations are adequately supported. First, he appropriately uses a different interest accrual date for interest on the $170,135[3] paid before Mayo's tax returns were filed, by using the date Mayo's tax returns were due for each tax

---

[3] The Government argues that Mayo fails to adequately support the overpayment dates for three refund amounts out of this $170,135: $32,834 for tax year 2007, $51,395 for tax year 2010, and $1,254 for tax year 2011. ECF No. 350 at 8. But these amounts are part of Mayo's advanced payments and carryovers documented by Mayo's IRS Account transcripts. *See* ECF No. 338-1 at 37–48. Janssen's declaration attests to the tax return due dates on which these payments are deemed paid: November 17, 2008, for the $32,834 overpayment, ECF No. 354 ¶ 5, November 15, 2011, for the $51,395 overpayment, *id*. ¶ 6, and November 15, 2012, for the $1,254 overpayment. *Id*.

year.[4]  ECF No. 354 ¶¶ 5–7.  Second, for overpayments, he includes changes in the federal short-term rate, compound daily interest factors, and the lower corporate rate for overpayments each tax year in excess of $10,000.  ECF No. 338-1 at 3–12.  Third, he correctly calculates that the Government owes Mayo $1,583,378.48 in statutory interest through December 31, 2022.  ECF No. 354-1 at 1.  Fourth and finally, Janssen calculates that on January 1, 2023, interest began to accrue at a rate of $1,617.36 per day.  ECF No. 354 ¶ 8.[5]  The IRS overpayment interest rate will not change through the second quarter of

---

[4] There is some uncertainty regarding how to apply § 6513 to this case.  Section 6513 states, "[f]or purposes of this subsection, the last day prescribed for filing the return or paying the tax shall be determined *without regard to any extension of time* granted the taxpayer and without regard to any election to pay the tax in installments."  26 U.S.C. § 6513(a) (emphasis added).  Tax returns for tax-exempt organizations like Mayo are due on "the 15th day of the 5th month following the close of the taxable year."  *See* 26 U.S.C. § 6072(e).  Therefore, the tax return due dates identified by Janssen may include six-month extensions.  *See*, e.g., ECF No. 338-1 at 46.  This could mean that interest should start accruing on these advanced payments six months earlier.  But allowing interest to start accruing on the original tax return filing date is inconsistent with other statutory provisions such as 26 U.S.C. § 6611(b)(3) and 26 U.S.C. § 6611(g) that limit interest on overpayments before the IRS has received complete tax returns.  This question is not addressed in the briefing, and independent research has not identified a case on point.  Considering Mayo selected the later of two possible overpayment dates, Mayo's calculations will be accepted.

[5] It is worth noting that Mayo's requested per diem interest accrual rate beginning on January 1, 2023, is slightly less than Mayo's statutory entitlement.  Interest on IRS overpayments compounds daily.  26 U.S.C. § 6622(a).  Daily compound interest factors allow for easy calculation of compound interest, but selecting the correct interest factor requires knowing the number of days interest will compound.  For interest accruing from January 1, 2023, onwards, Mayo appears to have selected a daily compound interest factor based on a time period of one day.  ECF No. 338-1 at 4–12; *see also* Rev. Proc. 95-17, 1995-1 C.B. 556.  This means Mayo's per diem interest accrual rate of $1,617.36 will result in less total interest than if Mayo compounded interest daily.  Because Mayo requests a per diem interest accrual rate that will amount to less statutory interest than Mayo is entitled to, Mayo will be awarded the $1,617.36 per diem rate.

2023, Rev. Rul. 2023-4, so the rate of $1,617.36 per day will be accurate through at least June 30, 2023. Judgment will thus be clarified to specify that the Government shall pay $11,501,620.83 in principal plus $1,583,378.48 in interest for a total of $13,084,999.31, with additional interest accruing at a rate of $1,617.36 per day beginning January 1, 2023.

B

The Government argues that because the Treasury Department may credit or offset Mayo's overpayments against unrelated debts owed to the Government, statutory interest should not be specified. ECF No. 350 at 3. True, the Government may credit overpayments against certain taxpayer debts. 26 U.S.C. § 6402; 31 U.S.C. § 3720A; 31 U.S.C. § 3728. But the Government's argument is a hypothetical one. Even assuming 26 U.S.C. § 6402, 31 U.S.C. § 3720A, and 31 U.S.C. § 3728 apply to judgments, the Government does not claim Mayo owes any debts. *See generally* ECF No. 350. Nor does the Government argue Mayo will likely become a debtor to the Government before the judgment is paid. *Id*. The Government cites no authority to support its proposition that potential future offsets and credits can prevent specifying statutory interest on a refund claim. *Id*. Hypothetical offsets and credits are no reason to avoid specifying Mayo's statutory interest.[6]

---

[6] Beyond the lack of legal authority supporting the Government's objection, courts do not interpret and apply statutes based on hypothetical circumstances. *Cf. Vorbeck v. Schnicker*, 660 F.2d 1260, 1266 (8th Cir. 1981) ("[W]e may not issue an advisory opinion in the absence of a definite and concrete controversy."); *Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."). This is also why the judgment will not be modified to specify the Government's alleged right to setoffs and credits at this time.

7

**ORDER**

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff's Motion to Clarify Judgment to Specify Amount of Statutory Interest [ECF No. 335] is **GRANTED**. The Clerk of Court is directed to amend the judgment [ECF No. 332] under Federal Rule of Civil Procedure 60(a) to read:

1. Judgment shall be entered in favor of Plaintiff Mayo Clinic, with prejudice and on the merits, on its claims that it does not owe taxes on certain debt-financed income it received in years 2003, 2005–2007, and 2010–2012 because it is an "educational organization" under 26 U.S.C. § 170(b)(1)(A)(ii).

2. Defendant United States of America shall pay Mayo Clinic $11,501,620.83 in principal plus $1,583,378.48 in interest for a total of $13,084,999.31. Additional interest shall continue to accrue at a rate of $1,617.36 per day beginning January 1, 2023, through at least June 30, 2023, or the date of payment, whichever is earlier.

3. Defendant United States' motion in limine to exclude Melvin Hurley as an expert witness [ECF No. 261] is **DENIED**.

4. Defendant United States' motion in limine to exclude evidence of IRS procedures, analyses, and conclusions [ECF No. 263] is **DENIED** to the extent evidence that was the subject of this motion was admitted at trial and relied on in these Findings of Fact and Conclusions of Law.

5. Defendant United States' motion in limine to prevent Mayo from offering the testimony of an undisclosed records custodian [ECF No. 264] is **DENIED** as moot.

6. Defendant United States' objection to Plaintiff Mayo Clinic's designation of deposition testimony of Mayo's Rule 30(b)(6) designee Christie Lohkamp [ECF No. 268] is **DENIED** to the extent that the Rule 30(b)(6) testimony of Ms. Lohkamp was considered or relied upon in these Findings of Fact and Conclusions of Law

Dated: March 22, 2023            s/ Eric C. Tostrud
                                 Eric C. Tostrud
                                 United States District Court